UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 22-00145-MWF (SHKx)**          **Date:  May 3, 2022**
Title:     Aghazahra Nikouardestani v. The Prudential Insurance Company of
           America

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**          ORDER GRANTING DEFENDANT'S
                                        MOTION TO DISMISS CASE [13]

Before the Court is Defendant The Prudential Insurance Company of America's Motion to Dismiss Case (the "Motion"), filed on March 14, 2022.  (Docket No. 13). Plaintiff Aghazahra Nikouardestani ("Nikou") filed an Opposition on March 28, 2022. (Docket No. 18).  Prudential filed a Reply on April 11, 2022.  (Docket No. 19).

The Court has read and considered the papers filed in connection with the Motion and held a hearing on **April 25, 2022**.

For the reasons below, the Motion is **GRANTED** *with leave to amend*. Plaintiff's alleged controversy no longer exists as currently pled, so Plaintiff lacks standing under Article III of the Constitution.

I.    **BACKGROUND**

Defendant Prudential is a life insurance company that insures and administers long-term disability plans, including the payment of disability benefits directly to qualifying participants.  (Complaint ¶ 4 (Docket No. 9)).  Plaintiff, through her former employer, was a participant in a long-term disability plan (the "Plan") insured and administered by Prudential.  (*Id*. ¶ 3).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-00145-MWF (SHKx)**                **Date:  May 3, 2022**
Title:       Aghazahra Nikouardestani v. The Prudential Insurance Company of
             America

In 2018, Plaintiff became disabled and was approved to receive long-term disability payments under the Plan. (*Id.* ¶ 6). For the years 2019 through 2021, Prudential mistakenly paid Social Security Disability Insurance to Plaintiff, resulting in an overpayment of $30,675. (*Id.* ¶ 7). Prudential sought to recoup this amount, first by sending a series of letters to Plaintiff, and second by engaging a collection agency. (*Id.* ¶¶ 8–12).

To protect the alleged overpayment, which Plaintiff alleges that she already spent (*id.* ¶ 15), Plaintiff retained counsel to correspond with Prudential. (*Id.* ¶ 12). Plaintiff's counsel sent two letters to Prudential: the first on October 5, 2021, requesting that Prudential send all Plan documents; and the second on November 10, 2021, demanding that Prudential cease and desist from collecting the overpayment amount. (*Id.* ¶¶ 12–13). Prudential did not respond to Plaintiff's cease and desist letter, but Prudential claims that it waived the overpayment and ceased all collection efforts against Plaintiff on November 30, 2021. This waiver was not communicated immediately to Plaintiff.

Hearing no response from Prudential, Plaintiff filed this action seeking equitable relief under the Employee Retirement Income Security Act ("ERISA") Sections 502(a)(3)(A) and 502(a)(3)(B). (*Id.* ¶ 18). As the Complaint puts it:

> A controversy now exists between the parties regarding whether
> Prudential has a right to pursue any legal action or collection effort to
> recover the alleged overpayment of past disability benefits from Plaintiff.

(*Id.* ¶ 28). It is undisputed that Plaintiff never repaid any amount to Prudential.

Prudential's Motion seeks dismissal of the action because Prudential waived the overpayment and did not make any additional collection efforts. In Prudential's view, this waiver nullifies Plaintiff's alleged controversy and the action should be dismissed for lack of standing under Article III.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-00145-MWF (SHKx)**          **Date:  May 3, 2022**
Title:      Aghazahra Nikouardestani v. The Prudential Insurance Company of
            America

## II.    **LEGAL STANDARD**

Article III of the Constitution confines the judicial power of federal courts to deciding actual "Cases" or "Controversies." § 2; *Hollingsworth v. Perry*, 570 U.S. 693, 693, (2013).  "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1618, (2020).

If "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A jurisdictional attack under Rule 12(b)(1) may be "facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the complaint's allegations must be accepted as true.  *Id.*  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.*  "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack."  *Brooke v. Superb Hosp., LLC*, No. 1:20-CV-0103 AWI SAB, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

## III.    **DISCUSSION**

Prudential makes various arguments as to why this action should be dismissed, but the Court need only reach the argument concerning Plaintiff's lack of standing.

The Complaint explicitly states that a controversy exists "regarding whether Prudential has a right to pursue any legal action or collection effort to recover the alleged overpayment."  (Complaint ¶ 28).  Prudential has waived the overpayment and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-00145-MWF (SHKx)**               **Date:  May 3, 2022**
Title:       Aghazahra Nikouardestani v. The Prudential Insurance Company of
             America

ceased all collection efforts, so Prudential argues that Plaintiff's alleged controversy no longer exists.

Prudential's argument is a factual attack on the "controversy" defined in the Complaint.  And because the alleged controversy is necessary to invoke federal jurisdiction under Article III of the Constitution, the Court may review evidence beyond the Complaint without converting the Motion into a motion for summary judgment.  *Safe Air*, 373 F.3d at 1039.

Plaintiff resists this basic premise, claiming that "courts should not resolve factual issues when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits."  (Opp. at 9) (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).  But Plaintiff does not identify any intertwined issues, and the Court could not identify any either.

As such, the Court accepts Prudential's representation that it waived the overpayment and ceased collection efforts.  A representation that Plaintiff whole-heartedly accepts, as she should.  (Opp. at 10 ("Plaintiff does not dispute the fact that Prudential has now effectively waived its right to pursue the overpayment. In fact, she was quite pleased to learn of the waiver.")).

The effect of Prudential's waiver is significant.  The Complaint specifically asks the Court to "enjoin Prudential from any further effort to collect any amount of [the overpayment] or any other amount from Plaintiff."  (Complaint ¶ 29).  Prudential's waiver grants Plaintiff the exact relief she seeks from the Court.  Therefore, no controversy exits between the parties because the outcome of this suit would not affect any past or future payments to Plaintiff.  If Plaintiff were to lose this lawsuit, she would still retain the overpayment, not a penny less.  *See Thole*, 140 S. Ct. at 1619.  If Plaintiff were to win this lawsuit, she would still retain the overpayment, not a penny more.  *Id.*  "[Plaintiff] therefore [has] no concrete stake in this lawsuit."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 22-00145-MWF (SHKx)**          **Date:  May 3, 2022**

Title:       Aghazahra Nikouardestani v. The Prudential Insurance Company of
             America

Surprisingly, Plaintiff insists that this action should move forward on the basis that a dispute remains as to *when* Prudential's waiver became effective.  But here, the timing of Prudential's waiver is irrelevant because "Article III demands that an 'actual controversy' persist throughout all stages of litigation." *Hollingsworth*, 570 U.S. at 693.

Lastly, since Plaintiff's requested relief has been fulfilled through Prudential's waiver, the Court views Plaintiff's Opposition only as a basis to keep her claim alive for the sake of attorney's fees.  But Plaintiff must recognize that "an 'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *Thole*, 140 S. Ct. at 1619.

As for leave to amend, the Court concludes that further amendment would be futile for any claims that fall under Plaintiff's alleged controversy – that a controversy exists "regarding whether Prudential has a right to pursue any legal action or collection effort to recover the alleged overpayment." (Complaint ¶ 28).  At the hearing, however, Plaintiff's counsel stated that Plaintiff has a basis to bring other claims that seek damages apart from the overpayment, one such claim being civil extortion.  If Plaintiff were to plead claims seeking different damages, a live controversy would exist between the parties and Prudential's waiver would arguably not preclude the action as a matter of law.

It is not settled whether, ordinarily, leave to amend need be granted under Rule 12(b)(1), especially since the parties could have relied on evidence outside the Complaint.  However, if the action were dismissed completely, Plaintiff would simply file a new lawsuit, which would then be low-numbered to this Court.  To save everyone's time and Plaintiff the expense of another filing fee, it makes sense to grant leave to amend.

Accordingly, the Motion is **GRANTED *with leave to amend***.  Plaintiff shall file a First Amended Complaint on or before **May 23, 2022.**  Failure to do so may result in dismissal of the action for failure to prosecute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 22-00145-MWF (SHKx)**          **Date:  May 3, 2022**
Title:      Aghazahra Nikouardestani v. The Prudential Insurance Company of
America

IT IS SO ORDERED.